**Dwight B. EAMES and Jenny Norvelle, Plaintiffs,**

v.

**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF PHILLIPS, STATE OF KANSAS, Defendant.**

Civ. A. No. 88–2446–O.

United States District Court, D. Kansas.

March 12, 1990.

Gerald T. Elliott, Lenexa, Kan., for plaintiffs.

Patricia A. Wohlford and Hal D. Meltzer, Lead Counsel, Turner & Boisseau, Overland Park, Kan., for defendant.

MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion for summary judgment. For the reasons stated below, defendant's motion will be denied. In addition, the court has determined that oral argument would not materially assist the disposition of the motion, and therefore defendant's request for the same is hereby denied. D.Kan. Rule 206(d). Plaintiffs' motion for leave to file a surresponse to defendant's reply is hereby denied also.

Plaintiffs were injured on August 30, 1986, when their car struck certain cattle that wandered onto United States Highway 36, near Phillipsburg, Kansas. Plaintiffs claim that defendant, through the acts and omissions of Phillips county sheriff's dispatcher Nadine Keim, was negligent in failing to dispatch a law enforcement officer to the area where cattle were reported loose, prior to the accident involving plaintiffs. Defendant denies that it is responsible for the acts or omissions of the sheriff's office, denies that it owed any duty of care to plaintiffs, and claims that it is immune from liability under the so-called "discretionary" and "police protection" exceptions to liability under the Kansas Tort Claims Act (K.S.A. 75-6101 *et seq.*, "the KTCA").

■ In a motion for summary judgment, the movant need not negate the allegations of the nonmoving party. However, it must demonstrate that there is no genuine issue of material fact and is therefore entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). This initial burden entails "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).

When faced with a motion for summary judgment, the nonmoving party may not simply rely upon its pleadings but rather must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Indeed, "the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The test is whether the facts, viewed in the light most favorable to the nonmoving party, are such that a court may conclude that a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

Defendant is clearly liable for the negligent acts and omissions of the Phillips County sheriff's department under the KTCA. The KTCA states, in relevant part,

Subject to the limitations of this act, each governmental entity shall be liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state.

K.S.A. 75–6103(a). Moreover, " 'Governmental entity' means state or municipality," K.S.A. 75–6102(c), while "municipality" includes "any county," K.S.A. 75–6102(b). Finally, "employee" means,

any officer, employee, servant or member of a board, commission, committee, division, department, branch or council of a governmental entity, including elected or appointed officials and persons acting on behalf or in service of a governmental entity in any official capacity, whether with or without compensation.

K.S.A. 75–6102(d). The sheriff and his deputies, including dispatchers, are employees of the county they serve, K.S.A. 19–801a *et seq.*, and it is undisputed in this case that the dispatcher at issue acted within the scope of her employment at all relevant times. Furthermore, in *Cansler v. State*, 234 Kan. 554, 675 P.2d 57 (1984), the Kansas Supreme Court assumed, without discussion, that the Leavenworth County Sheriff, the Sheriff's Department, and the Board of County Commissioners of Leavenworth County could be treated as a single entity for purposes of the KTCA. Accordingly, defendant's argument that it is not liable for any negligence of the sheriff or his deputies is without merit.

The court must also deny defendant's motion on the issue of whether defendant owed a duty to plaintiffs. Citing the Restatement (Second) of Torts § 324A (1965), the Kansas Supreme Court in *Schmeck v. City of Shawnee*, 232 Kan. 11, 651 P.2d 585 (1982), made clear that one who undertakes to render services to another may be liable for physical harm to a third person if one fails to exercise reasonable care to protect his undertaking and such failure increases the risk of such harm. 232 Kan. at 24, 651 P.2d at 596. *See also Cansler v. State*, 234 Kan. 554, 675 P.2d 57 (1984); *Ingram v. Howard–Needles–Tammen & Bergendoff*, 234 Kan. 289, 672 P.2d 1083 (1983). Further, the court upheld a jury verdict based on this theory in *Fudge v. City of Kansas City*, 239 Kan. 369, 720 P.2d 1093 (1986). In that case, the Kansas City police department had a policy requiring intoxicated persons to be taken into protective custody. Nonetheless, after responding to a report that one Delmar Henley was intoxicated and refused to leave a local bar, two police officers failed to take Henley into protective custody. Henley later crashed his automobile into a delivery van driven by James Fudge, killing Fudge. The court stated that

The police officers should have realized that taking Henley into protective custody was necessary for the protection of third persons. Their failure to do so significantly increased the risk that Henley would cause physical harm to others. Accordingly, the City of Kansas City is subject to liability to James Fudge for

the officers' failure to take Delmar Henley into custody.

239 Kan. at 373, 720 P.2d at 1099.

 The threshold question in the case at bar is whether the Phillips county sheriff's department had a policy requiring its dispatchers to take specific measures when they received reports of cattle wandering on the highway. Plaintiffs cite the deposition of Nadine Keim, the dispatcher on duty the night of the accident, to show that there was such a policy. However, defendant too cites that deposition to prove that there was no such policy. This conflicting testimony raises a genuine issue of material fact for resolution by the jury. If, but only if, the jury finds that there was such a policy then will it determine whether defendant failed to exercise reasonable care in following the policy and whether any failure increased the risk of harm to plaintiffs. On the facts presently before the court, however, defendant is not entitled to summary judgment.

Finally, the court must deny defendant's motion to the extent it is premised upon the exceptions to governmental liability under the KTCA. In *Dougan v. Rossville Drainage Dist.*, 243 Kan. 315, 757 P.2d 272 (1988), the court held that, "the discretionary function exception [K.S.A. 75–6104(e) ] is not applicable in those situations where a legal duty exists, either by case law or statute, which the governmental agency is required to follow." 243 Kan. at 322, 757 P.2d at 277. Again, whether defendant owed a duty to plaintiffs depends, in this case, upon a disputed factual question, namely, the existence of a policy regarding loose cattle. As to the "police protection" exception to liability (K.S.A. 75–6104(n)), the Kansas Supreme Court has limited the immunity available under that provision to general policy decisions, such as,

> the type and number of fire trucks and police cars considered necessary for the operation of the respective departments; how many personnel might be required; how many and where police patrol cars are to operate; the placement and supply

of fire hydrants; and the selection of equipment options.

*Jackson v. City of Kansas City*, 235 Kan. 278, 292, 680 P.2d 877, 890 (1984). The court holds that, as a matter of law, plaintiffs' allegations of negligence in connection with the particular accident in question fall outside the immunity provided by 75–6104(n).

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is denied.